# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANNEL M. MITCHELL, #R07374,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 17−cv–00479−MJR |
| | ) |
| **WARDEN DENNISON,** | ) |
| **T. PITTAYATHIKHAN,** | ) |
| **DR. DAVID,** | ) |
| **K. SMOOT,** | ) |
| **L. LECRANE, and** | ) |
| **WEXFORD HEALTH CARE,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Dannel Mitchell, an inmate who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 2). In the Complaint, Plaintiff claims that Shawnee officials have failed to properly treat his severe lower back pain since he transferred to the prison on March 24, 2017. (Doc. 2, pp. 5-6). He requests monetary relief against the defendants. (Doc. 2, p. 7).

Before filing his Complaint on May 8, 2017, Plaintiff filed a Motion for Temporary Restraining Order ("TRO Motion"),[1] in which he describes his lower back injury, his pain, and his treatment with steroids. (Doc. 1). In the TRO Motion, Plaintiff requests an order requiring a

---

[1] Plaintiff filed the TRO Motion (Doc. 1) on April 24, 2017. Although he previously filed numerous cases in this District, Plaintiff listed no case number on the TRO Motion and provided no indication of which case it addressed. The only defendant listed in the case caption was "Wexford, et al." Therefore, the TRO Motion was filed in one of Plaintiff's cases that involved the same defendant. *See Mitchell v. Afuwape,* No. 16-cv-00484-SMY-RJD (S.D. Ill.) (Doc. 69) ("prior case"). On May 8, 2017, Plaintiff filed a letter (Doc. 71, prior case) indicating that he intended to initiate a separate action when he filed the TRO Motion. Along with the letter, he filed a Complaint (Doc. 2), Motion for Leave to Proceed *in forma pauperis* (Doc. 3), and Motion for Recruitment of Counsel (Doc. 4). This case was opened the same day.

1

full evaluation of his injuries at a hospital and a long term course of pain medication. (Doc. 1, p. 4). He did not file a Complaint with his TRO Motion, after explaining that it would be premature to do so while his administrative remedies remain unexhausted. (Doc. 1, pp. 1, 4).

Before the Court screens the Complaint or considers the TRO Motion, it must first consider Plaintiff's request to litigate this action without prepaying the full filing fee. Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 3) along with his Complaint on May 8, 2017. The Prison Litigation Reform Act ("PLRA") requires prisoners to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1). However, a prisoner who is unable to prepay the full amount may seek permission to pay the fee over time through monthly trust fund account deductions.

The PLRA sets limits on an inmate's ability to proceed IFP. 28 U.S.C. § 1915(g). The PLRA explicitly states that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Id*. In other words, a prisoner who has "struck out" by filing three or more cases that were dismissed for one of the reasons set forth under § 1915(g) cannot proceed IFP unless he faces imminent danger of serious physical injury. *Id*.

Plaintiff discloses no prior litigation in his Complaint (Doc. 2), IFP Motion (Doc. 3), or any other document he filed in this case. He used this Court's standard civil rights complaint form for state prisoners when preparing his Complaint. (Doc. 2). The form requires plaintiffs to disclose all other lawsuits that they have filed in state or federal court relating to their

imprisonment, by asking, "Have you begun any other lawsuits in state or federal court relating to your imprisonment?" (Doc. 2, p. 3). Plaintiff checked "[n]o" in response to this question. *Id*. The remainder of the page seeks information about each applicable lawsuit, including the disposition. *Id*. Plaintiff left the rest of the page blank. *Id*.

A quick search of public records on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov) reveals that Plaintiff has filed numerous suits in federal court. *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). In fact, the Court located fourteen separate federal actions that Plaintiff has filed in the Southern and Northern Districts of Illinois since 2016.[2] All, but one,[3] were filed under 42 U.S.C. § 1983.

Plaintiff received "strikes" in three of these cases. *See Mitchell v. Baldwin*, No. 16-cv-00278-NJR (S.D. Ill.) (dismissed for failure to state a claim on Aug. 9, 2016); *Mitchell v. Dennison*, No. 16-cv-01189-MJR (S.D. Ill.) (dismissed as frivolous on Jan. 12, 2017); *Mitchell v. Gateway Foundation*, No. 17-cv-02741 (N.D. Ill.) (dismissed for failure to state a claim on April 27, 2017). A fourth case was dismissed at screening, after the Court found that Plaintiff's allegations of verbal abuse by two correctional officers were not actionable. *Mitchell v. Lupert*,

---

[2] In addition to the instant case, the Court located the following cases that Plaintiff filed in the Southern and Northern Districts of Illinois: *Mitchell v. Foster,* No. 16-cv-00097-MJR-SCW (S.D. Ill. 2016) (voluntarily dismissed on Dec. 6, 2016); *Mitchell v. Foster*, No. 16-cv-00238-SMY-RJD (S.D. Ill. 2016) (voluntarily dismissed on Dec. 2, 2016); *Mitchell v. Baldwin*, No. 16-cv-00278-NJR (S.D. Ill. 2016) (dismissed for failure to state a claim on Aug. 9, 2016); *Mitchell v. Afuwape*, No. 16-cv-00484-SMY-RJD (S.D. Ill. 2016) (voluntarily dismissed on Jan. 31, 2017); *Mitchell v. Pace*, No. 16-cv-00485-SMY-RJD (S.D. Ill. 2016) (voluntarily dismissed on Feb. 16, 2017); *Mitchell v. Lupert*, No. 16-cv-00486-SMY (S.D. Ill. 2016) (dismissed on June 14, 2016); *Mitchell v. Heberer*, No. 16-cv-00487-MJR-SCW (S.D. Ill. 2016) (voluntarily dismissed on Dec. 6, 2016); *Mitchell v. Dennison*, No. 16-cv-01189-MJR (S.D. Ill. 2016) (dismissed as frivolous on Jan. 12, 2017); *Mitchell v. AIDS Foundation of Chi.*, No. 16-cv-10603 (N.D. Ill. 2016) (dismissed for failure to pay filing fee on Feb. 23, 2017); *Mitchell v. Haymarket*, No. 16-cv-11613 (N.D. Ill. 2016) (pending); *Mitchell v. Gateway Foundation*, No. 17-cv-02741 (N.D. Ill. 2017) (dismissed for failure to state a claim on April 27, 2017); *Mitchell v. The AIDS Foundation*, No. 17-cv-02907 (N.D. Ill. 2017) (pending).
[3] *See Mitchell v. Haymarket*, No. 16-cv-11613 (N.D. Ill. 2016) (pending).

No. 16-cv-00486-SMY (S.D. Ill.) (dismissed on June 14, 2016) (Doc. 8). Although the Court did not specifically cite § 1915(g) in its dismissal order, it entered a final judgment based on its conclusion that Plaintiff failed to state a claim for relief. *See id*.

Plaintiff filed his Complaint in this District on May 8, 2017. (Doc. 2). A review of his litigation history reveals that Plaintiff accrued all of the above-listed "strikes" prior to preparing and filing his Complaint. Even so, he disclosed none of them.

Plaintiff has misrepresented his litigation history to the Court, and his misrepresentation was knowing and intentional. The Court's standard civil rights complaint form specifically instructed him to disclose all prior litigation relating to his imprisonment. (Doc. 2, p. 3). The form directed him to "describe each lawsuit in the space below." *Id*. In the event the space was insufficient, Plaintiff was further instructed to "describe the additional lawsuits on another sheet of paper." *Id*. He was clearly warned that "[f]ailure to comply with this provision may result in summary denial of your complaint." *Id*. (emphasis in original).

Not only did Plaintiff omit all reference to his prior suits and "strikes," Plaintiff represented that he had none. (Doc. 3, p. 2). Plaintiff then certified the accuracy of this statement in his Complaint by signing a "Declaration Under Federal Rule of Civil Procedure 11" that "to the best of [his] knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure." (Doc. 2, p. 7). His signature is dated May 1, 2017. (Doc. 2).

At the time, Plaintiff was subject to an Order to Show Cause in another action pending in the Northern District of Illinois. *See Mitchell v. AIDS Foundation of Chi.*, No. 16-cv-02907 (N.D. Ill.) (Doc. 24). He failed to disclose his litigation history in that case as well. *Id*. After finding that his representation to that effect was "clearly untrue and incorrect," the Northern

District denied Plaintiff's request to proceed IFP and ordered him to show cause why the case should not be dismissed based on his "fraudulent misrepresentation of his litigation history." *Id*.

Also at the time, Plaintiff had recently received a fourth "strike" from the Northern District. *Mitchell v. Gateway Foundation*, No. 17-cv-02741 (N.D. Ill) (Doc. 33). The Court again found that Plaintiff failed to disclose his litigation history, "despite clear instructions on the District's mandatory form complaint" to disclose all lawsuits he previously filed in any state or federal court in the United States. (Doc. 33, pp. 1-2). Plaintiff drew a line through the request for information and wrote "n/a." *Id*. The Court warned him that "'fraud' on the Court, such as the failure to disclose all of his prior cases, justifies 'immediate termination of the suit.'" (Doc. 33, p. 2) (citing *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999)). The Court went on to find that he did not qualify for IFP status and did not state a viable claim in the Complaint. Plaintiff was denied IFP and assessed a "strike" on April 27, 2017. (Doc. 33). In the same Order, the Court warned Plaintiff that future attempts to mislead the Court would result in immediate dismissal of his case:

> Mitchell is warned that he must disclose that he has accumulated three or more "strikes" under § 1915(g) if he files another federal lawsuit. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) ("A litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact."). Mitchell's failure to disclose his litigation history, including his "strikes," when he files a new federal lawsuit could result in immediate dismissal of the action with prejudice. *See id*. ("Plaintiffs who attempt to . . . evade their obligation to pay all required fees and costs, cannot expect favorable treatment[.]"); *see also Sloan*, 181 F.3d at 858-59 (explaining that "fraud" on the Court must "lead to immediate termination of the suit").

(Doc. 33, pp. 3-4).

The instant suit followed. Plaintiff flagrantly disregarded this District's instructions on the civil rights complaint form, as well as the Northern District's clear, recent, and repeated warnings, when he misrepresented his litigation history in this case. A plaintiff's failure to

5

disclose his litigation history, particularly when he seeks to proceed IFP, is grounds for immediate dismissal of the suit. *Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal); *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court).

The Court now finds that Plaintiff made material and false omissions when he represented that he is eligible to proceed *in forma pauperis* in this case. His misrepresentations were intentional and not innocent. He has attempted to deceive and perpetrate a fraud on this court by falsely representing his litigation history, including his "strikes." The Court will not tolerate this clear pattern of misconduct or abuse of the IFP process.

Having found fraud, the Court has broad discretion to impose sanctions against Plaintiff. *Hoskins*, 633 F.3d at 543. "In general, courts may impose sanctions, including dismissal or default, against litigants who violate discovery rules and orders designed to enable judges to control their dockets and manage the flow of litigation." *Id*. (citations omitted). Sanctions may include dismissal of complaints containing fraudulent information. *Id*. The Seventh Circuit deems dismissal in cases like this one to be permissible because "a district court relies on a party's description of his litigation history to manage its docket." *Id*. at 544 (citing *Sloan*, 181 F.3d at 858-59 (describing need for reliable information about prior litigation)).

When considering what sanctions to impose, the Court should consider a range of options aimed at deterring the misconduct that occurred. *Oliver v. Gramley*, 200 F.3d 465, 466 (7th Cir.

6

1999).  Here, Plaintiff has demonstrated a pattern of misconduct surrounding his request for IFP status.  As a sanction against him, Plaintiff's IFP Motion (Doc. 3) shall be denied.

Monetary fines are often ineffective when dealing with indigent prisoners, and, for this reason, the case shall instead be dismissed as a sanction against Plaintiff for his clear misconduct.  Plaintiff's failure to disclose his litigation history, including his "strikes," is certainly grounds for immediate dismissal of this case.  *See Postlewaite v. Duncan*, 668 F. App'x 162 (7th Cir. 2016) (immediately terminating appeal filed by plaintiff who falsely represented to district court and Court of Appeals that he was eligible to proceed *in forma pauperis*); *Ramirez v. Barsanti*, 654 F. App'x 822 (7th Cir. 2016) (same); *Hoskins*, 633 F.3d at 543-44; *Ammons*, 547 F.3d at 725; *Sloan*, 181 F.3d at 858-59.  With that said, the Court has not yet decided whether the dismissal will be with or without prejudice, and before making a decision regarding the imposition of this sanction, Plaintiff shall be ordered to show cause why this case should not be dismissed with prejudice.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above and as a sanction against Plaintiff for intentionally misrepresenting that he is eligible to proceed *in forma pauperis* in this case, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) is **DENIED**, and he is obligated to pay the full filing and docketing fee of $400.00 for this action.

**IT IS FURTHER ORDERED** that, for the same reasons, the Complaint (Doc. 2) and this action are **DISMISSED**.  In addition, Plaintiff is **ORDERED TO SHOW CAUSE**, no later than 14 days from the date of this Order (on or before May 24, 2017), why this Court should not sanction him for fraudulent litigation conduct by dismissing this action ***with prejudice***, based on the omission of his entire litigation history from the Complaint.  *Hoskins,* 633 F.3d at 543.  If the

Court finds that Plaintiff has failed to show cause why he should not be sanctioned by this deadline, an order shall be entered dismissing the Complaint with prejudice and this case shall be closed.

**IT IS ALSO ORDERED** that all other pending motions, including Plaintiff's Motion for Temporary Restraining Order (Doc. 1) and Motion for Recruitment of Counsel (Doc. 4), are **DENIED** as **MOOT**. The denial of the TRO Motion is without prejudice and with leave to file the motion in a new case with full disclosure of his litigation history.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED May 10, 2017.

s/ MICHAEL J. REAGAN
United States Chief District Judge