IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANNEL M. MITCHELL, #R07374, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17−cv–00479−MJR |
| | ) |
| WARDEN DENNISON, | ) |
| T. PITTAYATHIKHAN, | ) |
| DR. DAVID, | ) |
| K. SMOOT, | ) |
| L. LECRANE, and | ) |
| WEXFORD HEALTH CARE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Dannel Mitchell filed this civil rights action pursuant to 42 U.S.C. § 1983 against officials at Shawnee Correctional Center who allegedly failed to treat his severe back pain after he transferred to the prison on March 24, 2017. (Doc. 2). Along with his Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 3). He sought leave to proceed without prepayment of the $400.00 filing fee. *Id*. In his Complaint and IFP Motion, Plaintiff failed to disclose the fact that he "struck out" by filing three or more prior suits that were dismissed at screening as frivolous, malicious, or for failure to state a claim. *See Mitchell v. Baldwin*, No. 16-cv-00278-NJR (S.D. Ill.) (dismissed for failure to state a claim on Aug. 9, 2016); *Mitchell v. Dennison*, No. 16-cv-01189-MJR (S.D. Ill.) (dismissed as frivolous on Jan. 12, 2017); *Mitchell v. Gateway Foundation*, No. 17-cv-02741 (N.D. Ill.) (dismissed for failure to state a claim on April 27, 2017). *See also Mitchell v. Lupert*, No. 16-cv-00486-SMY (S.D. Ill.) (dismissed on June 14, 2016) (Doc. 8).

1

Under the circumstances, Plaintiff could not proceed IFP in this action, unless his Complaint demonstrated that he suffered from imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Had Plaintiff disclosed his three strikes and also demonstrated that he faced imminent danger of serious physical injury, he could have overcome the three-strikes hurdle imposed by § 1915(g). Instead, he misrepresented his litigation history to the Court by disclosing none of his prior lawsuits. (Doc. 2, p. 3; Doc. 3). The Court found that the misrepresentation was knowing and intentional. (Doc. 6). Further, Plaintiff's failure to disclose his litigation history while seeking leave to proceed IFP was grounds for immediate dismissal of the suit. (Doc. 6, p. 4) (citing *Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal); *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strikes status committed a fraud upon the court)). *See also Postlewaite v. Duncan*, 668 F. App'x 162 (7th Cir. 2016) (immediately terminating appeal filed by plaintiff who falsely represented to district court and Court of Appeals that he was eligible to proceed *in forma pauperis*); *Ramirez v. Barsanti*, 654 F. App'x 822 (7th Cir. 2016) (same).

The Court ordered Plaintiff to show cause why the action should not be dismissed with prejudice on or before May 24, 2017. (Doc. 6). In a response Plaintiff filed on May 23, 2017, he offered no reason why he failed to disclose his litigation history. (Doc. 9). Instead, Plaintiff stated that he is bedridden and in constant pain. (Doc. 9, pp. 1-4). He complained that prison officials continue to ignore him. *Id*.

Plaintiff's response misses the mark entirely. He offered no reason for failing to disclose his litigation history. Plaintiff did not explain why he checked "no" when asked whether he had filed any other lawsuits in state or federal court relating to his imprisonment. He did not explain why he omitted this information at the same time he was subject to an order to show cause for the same misconduct in another pending case. *Mitchell v. AIDS Foundation of Chi.*, No. 15-cv-02907 (N.D. Ill.) (Doc. 24). The court will not tolerate this pattern of misconduct and abuse of the IFP process. Under the circumstances, the Court deems it appropriate to sanction Plaintiff for fraudulent litigation conduct by dismissing this action *with prejudice* based on the omission of his entire litigation history from the Complaint and IFP Motion when seeking leave to proceed IFP and his failure to offer any reason for the misconduct. (Doc. 6, p. 7) (citing *Hoskins*, 633 F.3d at 543).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** as a sanction against Plaintiff for intentionally misrepresenting that he is eligible to proceed *in forma pauperis* in this case. The dismissal does not count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **WARNED** that he may be subject to additional sanctions, including monetary fines and/or a filing ban until all outstanding fines and fees are paid in full, if he seeks IFP status and fails to disclose his litigation history or the fact that he has "struck out" under 28 U.S.C. § 1915(g) in any future action he files in this District.

**IT IS ALSO ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1);

*Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Accordingly, the agency having custody of Plaintiff is directed to remit the $400.00 filing fee from his prison trust fund account if such funds are available. If he does not have $400.00 in his account, the agency must send an initial payment of 20% of the current balance or the average balance during the past six months, whichever amount is higher. Thereafter, the agency shall begin forwarding monthly payments of 20% of the preceding month's income credited to Plaintiff's trust fund account (including all deposits to the inmate account from any source) until the statutory fee of $400.00 is paid in its entirety. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of Court each time Plaintiff's account exceeds $10.00 until the $400.00 filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202. The Clerk is **DIRECTED** to mail a copy of this Order to the Trust Fund Officer at the Shawnee Correctional Center *upon entry of this Order*.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons*, 547 F.3d at 725-26; *Sloan*, 181 F.3d at 858-59; *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 31, 2017**

                                                  s/ MICHAEL J. REAGAN
                                                  **Chief Judge**
                                                  **United States District Court**