IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANNEL M. MITCHELL, #R07374, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17−cv–00479−MJR |
| | ) |
| WARDEN DENNISON, | ) |
| T. PITTAYATHIKHAN, | ) |
| DR. DAVID, | ) |
| K. SMOOT, | ) |
| L. LECRANE, and | ) |
| WEXFORD HEALTH CARE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is now before the Court for consideration of Plaintiff Dannel Mitchell's Motion to Reopen Case (Doc. 15) filed on June 15, 2017, Motion to Demonstrate Imminent Danger (Doc. 16) filed on June 15, 2017, and "Motion to Re-evaluate Motions, TRO, Preliminary Injunction, etc." (Doc. 17) filed on June 19, 2017. The Court construes all three motions collectively as a request for reconsideration of the Court's decision to deny Plaintiff's request to proceed *in forma pauperis* ("IFP") and dismiss this case with prejudice as a sanction for intentionally failing to disclose his litigation history in his IFP application. (Docs. 6, 13-14). For the reasons set forth herein, all three motions (Docs. 15-17) shall be **DENIED**.

## Background

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against officials at Shawnee Correctional Center after they allegedly failed to treat his severe lower back pain. (Doc. 2). He transferred to Shawnee on March 24, 2017, and filed a Motion for Temporary Restraining Order ("TRO Motion") one month later on April 24, 2017. (Doc. 1). In it, Plaintiff

1

requested a full evaluation of his back injury at a hospital and a long term course of pain medication. (Doc. 1, p. 4).

Plaintiff explained that he did not file a Complaint because he had not exhausted his administrative remedies. (Doc. 1, pp. 1, 4). Plaintiff's TRO Motion was initially filed in another one of his pending cases involving the same defendant. Plaintiff advised the Court by letter dated May 8, 2017, that he intended to file a separate case. Along with the letter, he submitted a Complaint (Doc. 2) and a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 3). A new case was opened.

Before screening the Complaint under 28 U.S.C. § 1915A, the Court first considered Plaintiff's request for IFP. (Doc. 6). In the IFP Motion, Plaintiff failed to disclose his litigation history, including each of the "strikes" he incurred before filing the instant action. (Doc. 3). Instead, he indicated in his Complaint that he had begun no other lawsuits in federal court relating to his imprisonment. (Doc. 2, p. 3). A review of public records revealed that Plaintiff was misleading the Court.

Prior to commencing this action, he "struck out" by filing three or more frivolous, malicious, or meritless actions. *See Mitchell v. Baldwin*, No. 16-cv-00278-NJR (S.D. Ill.) (dismissed for failure to state a claim on Aug. 9, 2016); *Mitchell v. Dennison*, No. 16-cv-01189-MJR (S.D. Ill.) (dismissed as frivolous on Jan. 12, 2017); *Mitchell v. Gateway Foundation*, No. 17-cv-02741 (N.D. Ill.) (dismissed for failure to state a claim on April 27, 2017). *See also Mitchell v. Lupert*, No. 16-cv-00486-SMY (S.D. Ill.) (dismissed on June 14, 2016) (Doc. 8). The Court found that the omission of his entire litigation history from his IFP Motion and Complaint was both knowing and intentional. (Doc. 6).

Plaintiff's failure to disclose his litigation history while seeking leave to proceed IFP was grounds for immediate dismissal of the case. (Doc. 6, p. 4) (citing *Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal); *Ammons v. Gerlinger,* 547 F.3d 724, 725 (7th Cir. 2008) (termination of suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strikes status committed a fraud upon the court)). *See also Postlewaite v. Duncan*, 668 F. App'x 162 (7th Cir. 2016) (immediately terminating appeal filed by plaintiff who falsely represented to district court and Court of Appeals that he was eligible to proceed *in forma pauperis*); *Ramirez v. Barsanti*, 654 F. App'x 822 (7th Cir. 2016) (same). Before deciding whether the dismissal would be with or without prejudice, the Court offered Plaintiff an opportunity to show cause why he should not be subject to this sanction. (Doc. 6, p. 7). His response to the show cause order was due on or before May 24, 2017. *Id*.

The day before this deadline expired, Plaintiff responded by filing a letter with the Court. (Doc. 9). In it, he indicated that he has been bedridden and in constant pain. (Doc. 9, pp. 1-4). He complained that prison officials continue to ignore his complaints. *Id*. However, he offered no reason for omitting his entire litigation history from the Complaint and IFP Motion. *Id*. After considering the response, the Court concluded that Plaintiff's case should be dismissed with prejudice. (Doc. 13). An Order Dismissing Case with prejudice (Doc. 13) and Judgment (Doc. 14) were entered on May 31, 2017.

## Post-Judgment Motions

**1.     Motion to Reopen (Doc. 15)**

On June 15, 2017, Plaintiff filed a Motion to Reopen Case. (Doc. 15). There, Plaintiff explains that he was sent to the hospital on May 23, 2017, where he was diagnosed and treated for infections in his spinal cord and bones. (Doc. 15, p. 1). He remained hospitalized for a week and did not receive his mail until June 5, 2017. *Id*. For this reason, he was "unable to respond." *Id*. He went on to explain that he did not disclose his strikes because he was not aware how many strikes he had incurred or the case numbers associated with them. (Doc. 15, pp. 1-2).

**2.     Motion to Demonstrate Imminent Danger (Doc. 16)**

Also on June 15, 2017, Plaintiff filed a Motion to Demonstrate Imminent Danger, in which he describes excruciating pain dating back to March 5, 2017. (Doc. 16). He was allegedly given pain medication for five days while he was housed at Stateville Correctional Center ("Stateville"). (Doc. 16, p. 1). X-rays taken of his lower back during that time revealed fractures. *Id*. Even so, Plaintiff's pain medication was discontinued after only five days. *Id*.

The pain became so bad that a nurse entered Plaintiff's cell, threw a mattress on the floor, and instructed him to use it if he wanted to get better. (Doc. 16, p. 1). He remained on the floor for ten days, during which time he slid around his cell on his stomach and sometimes soiled himself because he could not reach the toilet. *Id*.

After transferring to Shawnee, his pain persisted. (Doc. 16, p. 2). Plaintiff alleges that Wexford staff did not respond to his complaints. *Id*. On May 5, 2017, his back finally "gave out," and Plaintiff was transferred to the prison's infirmary. *Id*. After two-and-a-half weeks, he was sent to a hospital for further testing and treatment. *Id*. He was diagnosed with an infection that causes severe pain in his spine and necessitated a long term course of intravenous treatment

that is scheduled to end on July 7, 2017. *Id*. He was also prescribed Percocet for his pain, but the prison doctor cancelled the prescription after Plaintiff returned to Shawnee. *Id*.

**3.      Motion to Re-evaluate Motions, TRO, Preliminary Injunction, etc. (Doc. 17)**

On June 19, 2017, Plaintiff filed a one-paragraph motion, in which he asks this Court to re-evaluate all previously filed "motions, T.R.O., Preliminary Injunction and any other documents" filed by Plaintiff in this case. (Doc. 17). Along with the motion, Plaintiff submitted a short affidavit, in which he explains that he spoke with a prison doctor, *i.e.* Doctor David, and an unknown nurse on June 13, 2017. (Doc. 17, p. 1). He asked the doctor to explain why his Percocet prescription was cancelled after he returned from the hospital. (Doc. 17, p. 2). When the doctor explained that the prescription only covered a 3-day supply of pain medication, Plaintiff pointed out that it was issued for 30 days. *Id*. The doctor reviewed Plaintiff's medical records and said, "I read it wrong." *Id*. Plaintiff claims that this statement was a lie. *Id*.

## Discussion

The Court construes all three motions as a request for reconsideration of the Order Denying IFP (Doc. 6), dated May 10, 2017, and the Order Dismissing Case (Doc. 13) and Judgment (Doc. 14), dated May 31, 2017. A motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to either Rule 59(e) or Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Different time-tables and standards govern these motions.

Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as

mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(e) motion. However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000).

Plaintiff asks the Court to reopen his case and allow him to proceed IFP because his hospitalization prevented him from responding to the Court's show cause order. In other words, his failure to meet the court-imposed deadline constitutes excusable neglect. There are several problems with this argument.

Plaintiff was hospitalized after he provided a response to the Court. (Doc. 9). His signature on the response is dated May 18, 2017, and it was filed with the Court on May 23, 2017. *Id*. In other words, he did respond to the show cause order.

Further, the Court did not impose sanctions against Plaintiff for failing to respond to the show cause order. It reviewed Plaintiff's response and concluded that it did not satisfy the order. (Doc. 13). Plaintiff offered no reason for omitting his litigation history from his IFP Motion and Complaint, while seeking leave to proceed as a poor person. Instead, he complained of being bedridden and in pain. But, as the Court previously explained, this misses the mark entirely:

> Plaintiff's response misses the mark entirely. He offered no reason for failing to disclose his litigation history. Plaintiff did not explain why he checked "no" when asked whether he had filed any other lawsuits in state or federal court relating to his imprisonment. He did not explain why he omitted this information at the same time he was subject to an order to show cause for the same misconduct in another pending case. *Mitchell v. AIDS Foundation of Chi.*, No. 15-cv-02907 (N.D. Ill.) (Doc. 24). The court will not tolerate this pattern of misconduct and abuse of the IFP process. Under the circumstances, the Court deems it appropriate to sanction Plaintiff for fraudulent litigation conduct by dismissing this action *with prejudice* based on the omission of his entire litigation

> history from the Complaint and IFP Motion when seeking leave to proceed IFP
> and his failure to offer any reason for the misconduct. (Doc. 6, p. 7) (citing
> *Hoskins*, 633 F.3d at 543).

(Doc. 13, p. 3). Even if he faced imminent danger of serious physical injury, Plaintiff was still required to disclose his litigation history. His decision to exclude this information in order to increase the likelihood that he would be granted IFP is grounds for dismissal of the action with prejudice.

Further, Plaintiff's supplemental response in Documents 15, 16, and 17 support the Court's decision. There, Plaintiff again offers insufficient grounds for omitting his litigation history from his IFP Motion and Complaint. He indicates the he excluded this information because he did not know how many strikes he had incurred or the associated case numbers. (Doc. 15, pp. 1-2). Conspicuously absent from this argument is any claim by Plaintiff that he was unaware he had incurred one or more strikes.

Certainly, Plaintiff was aware of his own involvement in several pending suits in federal court. And that is what the Complaint prompted him to disclose, when indicating that he must list "other lawsuits in state or federal court relating to [his] imprisonment." (Doc. 2, p. 3). He disclosed no other lawsuits. The Complaint form does not limit this inquiry to cases resulting in a "strike." Even if it did, Plaintiff would still be required to describe each suit, to the best of his ability, on the form. After answering the inquiry in the negative, he left this page of the form blank. (Doc. 2, p. 3). At the time, he was subject to an order to show cause in another case for the same misconduct. *Mitchell v. AIDS Foundation of Chi.*, No. 15-cv-02907 (N.D. Ill.) (Doc. 24).

In light of these factors, the Court's finding that Plaintiff knowingly attempted to mislead the Court is supported by the IFP Motion, Complaint, and motions filed in this matter. Plaintiff's motions (Docs. 15-17) shall be denied.

With that said, the Court takes Plaintiff's complaints of excruciating, ongoing pain very seriously and emphasizes that he is not without recourse. The Court's Order Dismissing Case and Judgment limit Plaintiff's ability to pursue claims against the same defendants for the same conduct described in his Complaint. Plaintiff is *not* precluded from pursuing a new lawsuit against the Stateville officials who allegedly denied him adequate medical care because his Complaint did not name them as defendants in this action. Further, Plaintiff is not precluded by this Order from pursuing claims against Shawnee officials for conduct that is not encompassed by the Complaint or for claims against different defendants. However, he must file a separate action to bring these claims, and he may seek emergency relief in the new case. If he chooses to do so, Plaintiff will be responsible for paying a separate filing fee for each new action he files. **Also, Plaintiff *must* disclose his litigation history, including his "strikes," if he seeks leave to proceed IFP. Failure to do so may result in additional sanctions that include fines.**

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff Dannel Mitchell's Motion to Reopen Case (Doc. 15), Motion to Demonstrate Imminent Danger (Doc. 16), and "Motion to Re-evaluate Motions, TRO, Preliminary Injunction, etc." (Doc. 17), all of which are construed as a request for reconsideration of the Order Denying Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 6), Order Dismissing Case (Doc. 13) and Judgment (Doc. 14) pursuant to Rules 59(e) and/or 60(b) of the Federal Rules of Civil Procedure, are **DENIED**.

**IT IS SO ORDERED.**

**DATED: 6/21/2017**

                                                                                          **s/MICHAEL J. REAGAN**
                                                                                          **Chief Judge**
                                                                                          **United States District Court**